# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

————————————————

№ 26-CV-268 (RER) (SDE)

————————————————

NICKIE KANE

VERSUS

PARK AFFORDABLE HDFC

————————————————

**MEMORANDUM & ORDER**

————————————————

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Nickie Kane brings this action against her landlord, Park Affordable HDFC, alleging violations of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604(b) and 3617, the New York State Human Rights Law, N.Y. Exec. Law § 296, the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, and New York common law for breach of the warranty of habitability, negligence, and fraud and misrepresentation.[1] (ECF No. 1 ("Compl.")). Kane's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. (ECF No. 2). On May 4, 2026, plaintiff filed a letter seeking emergency relief "to preserve my housing," pending resolution of this action. (ECF No. 6).

After carefully reviewing the record, and for the reasons set forth herein, the Court denies the preliminary injunction and dismisses the complaint.

———————————————

[1] Plaintiff has filed four other similar actions in this Court within the last few months, including three filed on the same day as the instant Complaint. *See Kane v. CAMBA, Inc.*, No. 26-CV-270 (RER) (SDE); *Kane v. Harper*, No. 26-CV-271 (RER) (SDE); *Kane v. NYC Dept. of Social Services*, No. 26-CV-273 (RER) (SDE).

## BACKGROUND

Kane states that she is transgender and disabled and alleges that for the last 15 months, she repeatedly notified defendant of another tenant's purported misconduct, "including excessive late-night noise, threats, sexual harassment, menacing behavior, and violence." (Compl. at 1). Kane contends that rather than addressing the alleged misconduct, defendant suggested that she move out of the building and later refused to provide a landlord reference to assist her in securing alternative housing which "exacerbated her housing instability." (*Id.* at 2). Plaintiff argues that defendant was aware that "Plaintiff is a transgender woman with a disability who uses a service animal," and that defendant's conduct, "had the effect of interfering with Plaintiff's housing rights and subjected Plaintiff to unequal terms and conditions of housing." (*Id*. at 2–3).

Kane also alleges that defendant participates in the CityFHEPS housing program and submitted altered lease information reflecting a higher rent amount than the amount allegedly agreed to by plaintiff in order to obtain increased subsidy payments. (*Id.* at 2). Kane asserts that she did not "authorize or consent to the altered lease terms" and argues that "Defendant's conduct constitutes fraud and misrepresentation in connection with a publicly funded housing program." (*Id.*) Plaintiff seeks monetary damages and declaratory and injunctive relief. (*Id*. at 4).

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d

2

57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## **DISCUSSION**

I.    The Complaint Fails to State a Claim under the FHA

Kane alleges that defendant discriminated against her under the FHA, 42 U.S.C. § 3604(b) ("Section 3604") and 42 U.S.C. § ("Section 3617) by interfering "with Plaintiff's housing rights by failing to enforce rules, tolerating harassment, and shifting the burden to Plaintiff to leave." (Compl. at 3). The FHA "broadly prohibits discrimination in housing," *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979), based on an individual's race, color, religion, sex, familial status, national origin, or disability, 42 U.S.C. § 3604(a), (f)(1). Section 3604(b) prohibits any discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or

3

facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).

Section 3617 makes it unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed" the rights granted in the Act. 42 U.S.C. § 3617. "Courts in this Circuit have construed Section 3604(b) of the FHA to prohibit the creation of a 'hostile environment' by individuals who have control or authority over the 'terms, conditions, or privileges of sale or rental of a dwelling,' similar to the prohibition imposed by Title VII against the creation of a hostile work environment." *Favourite v. 55 Halley St., Inc.*, 381 F. Supp. 3d 266, 277 (S.D.N.Y. 2019) (citing *Cain v. Rambert*, No. 13-CV-5807 (MKB), 2014 WL 2440596, at *4 (E.D.N.Y. May 30, 2014)). "A plaintiff making a hostile housing environment claim must establish that '(1) [she] was subjected to harassment that was sufficiently pervasive and severe so as to create a hostile [housing] environment, (2) the harassment was because of the plaintiff's membership in a protected class, and (3) a basis exists for imputing the allegedly harassing conduct to the defendants,' as well as 'a relationship between the discriminatory conduct and housing.'" *Levy v. Lawrence Gardens Apartments Del, LLC*, No. 21-CV-1415 (FB) (FJB), 2023 WL 2667045, at *4 (E.D.N.Y. Mar. 28, 2023) (quoting *Cain*, 2014 WL 2440596, at *5 (omitting internal citations)).

Here, the Court assumes, for the purposes of this Order, that Kane is a member of a protected class under the FHA. Even under that assumption, however, Kane alleges no facts plausibly suggesting that defendant's alleged interference with her housing rights, failure to respond to alleged harassment by a neighbor, or any actions related to

4

plaintiff's lease or continued residence in defendant's building occurred because of plaintiff's protected status or otherwise violated the FHA. Kane also fails to plausibly allege that any alleged harassment by her neighbor, to the extent it created a hostile housing environment, occurred because of her protected status or may be imputed to defendant. *See Drews v. Goldollar Real Estate Investments*, No. 24 Civ. 6697 (LLS), 2026 WL 539702, at *7 (S.D.N.Y. Feb. 25, 2026) ("Plaintiff's allegations are insufficient to give rise to an inference that any adverse actions by [Defendant], such as the eviction proceedings or non-renewal of her lease, were motivated by her familiar status."). Accordingly, Kane's FHA claims are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

II.      The Court Denies the Preliminary Injunction Motion

Kane also filed a letter seeking emergency relief, alleging that defendant refused to correct an alleged discrepancy in her lease and served her with a 15-day notice of termination in an attempt to force her to sign a renewal lease with allegedly incorrect rent amounts or face eviction. Plaintiff seeks emergency relief "to preserve my housing," pending resolution of this action. (ECF No. 6).

Kanes's request is denied because "federal courts, unlike state courts, have no jurisdiction over landlord-tenant matters." *Cain*, 2014 WL 2440596 at *3 (citations omitted); *see also Bey v. Jones*, No. 19-CV-2577 (RRM) (PK), 2019 WL 2028703, at *2 (E.D.N.Y May 8, 2019) ("The Court lacks federal question jurisdiction over [plaintiff's] state law claims in this landlord-tenant matter"); *Allied Manor Rd. LLC v. Berrios*, No. 17-CV-2277 (WKF) (RML), 2017 WL 5558650, at *1 (E.D.N.Y. Apr. 20, 2017) (same); *McMillan*

5

*v. Dep't of Bldgs.*, No. 12-CV-318 (ENV), 2012 WL 1450407, at *2 (E.D.N.Y. Apr. 26, 2012) (federal court lacks jurisdiction over eviction proceedings).

**CONCLUSION**

For the reasons set forth above, the Court denies the motion for preliminary injunction and dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court declines to exercise supplemental jurisdiction.

In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant plaintiff leave to amend her complaint but finds that amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011).

Plaintiff is warned that this Court will not tolerate frivolous litigation and "[i]f a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotation marks omitted).

The Clerk of Court is respectfully directed to enter judgment, close this action, and mail a copy of this Order to plaintiff, noting the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: May 12, 2026
       Brooklyn, New York